IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

---

| | | |
|---|---|---|
| ANDRE HURREY, PRO SE, <br> A.K.A. ANDRE WILLIAM HURREY, <br> TDCJ-CID No. 1413337, <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN TDCJ CORRECTIONS OFFICER "A", <br> UNKNOWN TDCJ CORRECTIONS OFFICER "B", <br> UNKNOWN TDCJ CORRECTIONS OFFICER "C", <br> UNKNOWN TDCJ CORRECTIONS OFFICER "D", <br> UNKNOWN TEXAS TECH MEDICAL PERSON "A", <br> and <br> STATE OF TEXAS, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | 2:07-CV-0226 |

**REPORT AND RECOMMENDATION**

Plaintiff ANDRE HURREY, also known as ANDRE WILLIAM HURREY, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against four unknown corrections officers, a medical caregiver, and the State of Texas and has been granted permission to proceed in forma pauperis. Defendant THE STATE OF TEXAS was dismissed November 14, 2008.

Plaintiff complains that, on May 8, 2007, four officers held him down while a medical care giver catheterized him to obtain a urine sample. Plaintiff claims this constituted aggravated sexual assault, a violation of the safe prisons act, and the performance of an unauthorized and

unnecessary medical action because it was done without a court order. Plaintiff does not argue the catheterization violated his Fourth Amendment rights; instead, he contends it violated his Eighth Amendment rights[1].

Plaintiff requests an award of compensatory damages, a court order prohibiting TDCJ-CID personnel from ever forcibly catheterizing anyone without a court order, that the defendants be terminated from their employment and that criminal charges be brought against them.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer

---

[1] See "Item 'A'" of plaintiff's July 30, 2008 response to the Court's Questionnaire.

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

by the defendants.  After such review, it is the finding o f the Court that all claims against the four UNKNOWN TDCJ CORRECTIONS OFFICERS be dismissed but that the medical caregiver be ordered to answer.

## THE LAW AND ANALYSIS

Plaintiff cannot obtain criminal charges against a defendant through this lawsuit.  See *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (a private citizen does not have judicially cognizable interest in the prosecution or non-prosecution of another person).  Since plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, he lacks standing to even raise such a claim.  Id. at 619.  This claim lacks an arguable basis is law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Further, to the extent plaintiff is demanding that any or all of the defendants be fired from their jobs, the federal courts are not personnel directors of state prison systems, and such relief is unattainable in this action.  *See, Maxton v. Johnson,* 488 F.Supp. 1030, 1032, n. 2 (D.S.C.1980), citing *United States v. White County Bridge Commission,* 275 F.2d 529, 535 (7th Cir.) (a federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court), *cert. denied sub nomine, Clippinger v. United States,* 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960).

A *Spears* hearing was scheduled for December 16, 2008.  The Texas Department of Criminal Justice failed to produce records and personnel to explain those records for the *Spears* Hearing.  Consequently, an abbreviated *Spears* hearing was conducted.  At the hearing, plaintiff was sworn and was asked what his lawsuit was about.  Plaintiff responded that, "when [he] was

3

not eating their food, they decided that after a few days of [plaintiff] not eating their food, that [he] was going to provide urine samples to them on a daily basis." Plaintiff said when he asked why, he was told to "shut up and do what [he] was told."

Plaintiff further testified he had decided not to eat because he had gotten fat, weighed about 240 pounds, and was trying to lose weight. He said he got his weight down to about 180 or 190. The Court notes that, accepting plaintiff's testimony as true, the loss of fifty or sixty pounds was almost a quarter of plaintiff's starting body weight. Such a serious loss of weight would alert prison officials to the potential for self-harm.

Plaintiff also testified that, whenever prison officials asked why he was on a hunger strike, he said he wasn't and that his failure to eat was not an attempt to get officials to do something or refrain from doing something. He testified he told officials he was doing it for his own personal and religious reasons.

Plaintiff said that, on May 8, 2007, after having given about twenty daily urine samples, he suffered a use of chemical force in his cell in Bldg. 1, which he said he guessed was a high security area. He testified he was required to comply with a strip search, was then placed on a gurney, and was taken to the infirmary. At the infirmary, he was then asked whether he would give a urine sample. Plaintiff responded by telling the officers to get a court order. After this refusal, plaintiff alleges four officers held him down while a medical care giver catheterized him and obtained the urine sample.

Plaintiff also testified he knew from his military training that if someone's not eating, you need a urine sample to track the output of his kidneys.

4

**OFFICIAL CAPACITY CLAIMS**

The Eleventh Amendment has been interpreted by the Supreme Court to bar suits by individuals against non-consenting states. *Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). In addition, the principle of state-sovereign immunity generally precludes actions against state officers in their official capacities, *see Edelman v. Jordan,* 415 U.S. 651, 663-69, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), subject to an established exception: the *Ex parte Young* doctrine. Under *Ex parte Young,* "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), *see, also, Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)(the Eleventh Amendment grants the States an immunity from retroactive monetary relief, but state officers are not immune from prospective injunctive relief). Therefore, except as to his request for injunctive relief, plaintiff's claims against the defendants in their official capacities, are barred by the Eleventh Amendment.

"Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996).

**INDIVIDUAL CAPACITY CLAIMS**

Plaintiff argues the catheterization violated the Eighth Amendment prohibition against cruel and unusual punishment. The malicious and sadistic use of force to cause harm violates contemporary standards of decency. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). In addition, "deliberate indifference to serious medical needs of prisoners

constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*.

Plaintiff does not allege any facts showing the forced catheterization was a malicious and sadistic use of force by the guards who restrained him nor has he shown the medical care giver who performed the catheterization did anything other than the catheterization to hurt him unnecessarily. Plaintiff does not allege he was willing to comply by providing a urine sample voluntarily but was catheterized anyway. In fact, plaintiff has made clear he was not willing to comply. Plaintiff does not allege any facts showing the catheterization in any way interfered with or delayed a prescribed course of treatment for him. The catheterization was performed by a member of the medical staff, and plaintiff alleges no fact to show that a substantial risk of serious harm to plaintiff's health or safety would result from it or that any of the defendants has knowledge of such a risk and ignored it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

The Fifth Circuit has recognized that the taking of a blood or urine sample constitutes a search under the Fourth Amendment. *Kohler v. Englade*, 470 F.3d 1104 (5th Cir. 2006). Plaintiff claims the taking was unauthorized and unnecessary; however, in this case, plaintiff has repeatedly drawn the connection between his lengthy fast and a legitimate need for urine samples to monitor kidney output. Plaintiff has stated the urine sample was not the result of suspicion of drug use or random drug testing at the unit.

As to the authorization of the procedure, a court order is not required for every medical procedure. Prison officials are not authorized to allow an inmate to harm himself or commit suicide by fasting. Force-feeding an inmate under those circumstances is not a violation of his civil rights. *See, e.g., Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (rejecting claim that force-feeding an inmate after seven days on a hunger strike was unconstitutional). A forced catheterization on the twenty-first day[4] of a hunger strike to monitor plaintiff's well-being is not per se constitutionally offensive. Although plaintiff maintains he was simply trying to lose weight, prison officials had no way of determining why plaintiff was no longer eating, or, more importantly, whether he was harming himself. Even if they had known plaintiff was trying to lose weight, that would not relieve them of the duty to provide medical care for plaintiff's serious medical needs, including a determination of whether his self-imposed fast was doing serious harm to his body.

Plaintiff has not plead any fact to show the guards who restrained him were acting on any personal animus or were not acting merely to permit what appeared to be a reasonable and/or necessary medical procedure to be performed. In fact, plaintiff has actually alleged facts supporting the inference that no personal animus motivated the guards when plaintiff was restrained. Plaintiff has alleged no fact showing the guards knew or reasonably should have known the catheterization was not medically warranted or that the guards conspired with the medical technician to catheterize plaintiff for non-medical reasons. Regarding the defendant guards, plaintiff has failed to "plead 'enough facts to state an Eighth Amendment claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th

---

[4] Plaintiff, himself, estimated he gave about twenty daily urine samples before refusing the twenty-first.

7

Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, _____ U.S. _____, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). He has, therefore, failed to state a claim on which relief can be granted.

With regard to the medical technician who administered the catheterization, a closer question is presented. At this stage of the proceedings, there is no allegation of fact or any evidence establishing whether the catheterization was ordered by a competent medical professional or whether the care provider who performed the catheterization was acting with or without authority. That information would be expected to have been made available at the *Spears* hearing but was not produced by TDCJ. Without the medical records and appropriate medical personnel to interpret those records for the Court, all of which should have been made available at the Spears hearing, the Court is left to speculate that the procedure was medically necessary. Consequently, the Court must order the individual identified by plaintiff as the UNKNOWN TEXAS TECH MEDICAL PERSON "A" to Answer.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims by plaintiff ANDRE HURREY, also known as ANDRE WILLIAM HURREY, pursuant to Title 42, United States Code, section 1983 against defendants UNKNOWN TDCJ CORRECTIONS OFFICER "A", UNKNOWN TDCJ CORRECTIONS OFFICER "B", UNKNOWN TDCJ CORRECTIONS OFFICER "C", and UNKNOWN TDCJ CORRECTIONS OFFICER "D" be DISMISSED WITH PREJUDICE AS FRIVOLOUS, WITHOUT

PREJUDICE PURSUANT TO RULE 12(b)(1), FED.R.CIV.PRO., AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

An Order to Answer shall issue with regard to defendant UNKNOWN TEXAS TECH MEDICAL PERSON "A."

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 15th day of October 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and

recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).